**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**AT PIKEVILLE**

**CIVIL ACTION NO. 22-19-DLB**

**CHRISTIAN HALL, et al.**                                          **PLAINTIFFS**

**v.**                 **MEMORANDUM ORDER**

**RAY DEAN EVANS, et al.**                                     **DEFENDANTS**

\*\*\*   \*\*\*   \*\*\*   \*\*\*   \*\*\*   \*\*\*

**I.   INTRODUCTION**

This matter is before the Court on Plaintiffs' Motion to Remand. (Doc. # 4). Plaintiffs Christian Hall, A.H., by and through her Next Friend Christian Hall, Amanda Hall, and K.P., by and through her Conservator Allison Hutchinson ("Plaintiffs") initially filed suit in Pike Circuit Court against Defendants Ray Dean Evans, Blue Line Foodservice Distribution, Inc., Blueline Freight Inc., Little Caesar Enterprises, Inc., and Blue Line Distributing, Inc., and Penske Truck Leasing Corporation ("Defendants").[1] (Doc. # 1-1 at 2). Defendants then removed the action to this Court. (Doc. # 1). Because Defendants have failed to meet their burden and establish that removal was proper, Plaintiffs' Motion to Remand will be **granted**.

**II.   FACTUAL AND PROCEDURAL BACKGROUND**

According to the Amended Complaint, on October 20, 2021, Plaintiffs were in a vehicle together on U.S. Highway 23 in Pike County, Kentucky when Defendant Evans

---

[1] Blueline Freight, Inc. was eventually dismissed as a party by the Pike Circuit Court. (Docs. # 4-9 and 1-3 at 49).

allegedly caused his vehicle, a tractor-trailer semi-truck, to collide with Plaintiff's vehicle, causing them serious bodily injuries. (Doc. # 1-3 ¶¶ 11-15, 116). Evans was allegedly driving the semi-truck as part of his employment by Defendants Blue Line Foodservice, Little Caesar Enterprises, Blue Line Distributing and Penske Truck Leasing, all of whom owned the vehicle. (*Id.* ¶¶ 16-20). While Plaintiffs' Amended Complaint sets out several claims by each Plaintiff against each Defendant, all of Plaintiffs' claims essentially assert negligence on behalf of Defendants either directly (Evans) or indirectly through the employee-employer relationship (Blue Line Foodservice, Little Caesar, Blue Line Distributing, and Penske Truck Leasing).[2] (*Id.* ¶¶ 21-114). More relevant to the issue of remand, each Plaintiff alleges several categories of damages including pain, suffering, mental anguish, past and future medical expenses, lost wages, punitive damages, and permanent impairment. (*Id.* ¶¶ 22-24, 27, 44, 47-49, 67, 70-72, 90, 93-95, 113). Importantly, Plaintiffs repeatedly note that the damages are "in an amount in excess of the jurisdictional limits of [Pike Circuit Court] and the diversity jurisdictional limits of the United States District Court." (*Id.* ¶¶ 25, 45, 50, 68, 73, 91, 96, 114).

Even though the Amended Complaint was filed on November 4, 2021, Defendants removed this matter from Pike Circuit Court on March 23, 2022. (Doc. # 1 ¶ 1). Defendants assert that this Court has diversity jurisdiction over the dispute, while Plaintiffs argue that Defendants failed to timely remove the action in accordance with 28 U.S.C. § 1446(b). (Docs. # 1 ¶ 8 and 4 at 6).

---

[2] Plaintiffs also request injunctive relief relating to the tractor-trailer Defendant Evans was operating during the accident, but that relief was granted by the Pike Circuit Court. (Docs. # 1-3 ¶¶ 115-118 and 1-3 at 45-46).

### III. ANALYSIS

#### A. Diversity Jurisdiction

A defendant may remove a civil action brought in state court to a federal court embracing the place where such action is pending only if the action is one over which the federal court could have exercised original jurisdiction. *See* 28 U.S.C. §§ 1441, 1446. This Court has original "diversity" jurisdiction over all civil actions when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" those who are "citizens of different states." 28 U.S.C. § 1332(a)(1). For diversity jurisdiction to attach, "all parties on one side of the litigation [must be] of a different citizenship from all parties to the other side of the litigation." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999) (internal quotations omitted). The party seeking removal bears the burden of establishing the right to removal. *Id.* at 493 (citations omitted). The parties do not dispute that there is complete diversity of citizenship, nor that the amount-in-controversy requirement has been met; rather, they disagree on whether Defendants' removal was timely under 28 U.S.C. § 1446(b). (Docs. # 4, 5, and 6).

#### 1. *Timeliness*

The guiding principle in this Court's review is that the removal statute "should be strictly construed and all doubts resolved in favor of remand." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006) (internal quotations and citations omitted). For removal to be timely, the defendant must file a notice of removal within thirty days after receipt of the initial pleading. 28 U.S.C. § 1446(b)(1). In the Sixth Circuit, it is clear that § 1446 requires the defendant to have "removed the matter . . . within thirty-days after a

fair reading of the complaint would have indicated that the minimum jurisdictional amount for removal existed." *Warren v. Sheba Logistics, LLC*, No. 1:15-cv-148, 2016 WL 1057322 at *1 (W.D. Ky. March 14, 2016) (citing *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001)).  However, § 1446 also offers the practical consideration that initial pleadings do not always establish that a matter is removable; if that is the case, "a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  Defendants bear "the burden of demonstrating strict compliance with the statutory procedural requirements, including the timing directives outlined in § 1446." *Sizemore v. Auto-Owners Ins. Co.*, 457 F. Supp. 3d 585, 589 (E.D. Ky. April 29, 2020); *see also May v. Johnson Controls Inc.*, 440 F. Supp. 2d 879, 882 (W.D. Tenn. July 31, 2006).  "The strict time requirement for removal in civil cases is not jurisdictional; rather, it is a strictly applied rule of procedure and untimeliness is a ground for remand so long as the timeliness defect has not been waived." *Seaton v. Jabe*, 992 F.2d 79, 81 (6th Cir. 1993) (internal quotations and citations omitted).  This Court "has broad discretion in deciding whether a plaintiff has waived a right to object to procedural irregularities in removal proceedings." *Lanier v. Am. Bd. Of Endodontics*, 843 F.2d 901, 905 (6th Cir. 1988) (citations omitted).

The parties disagree as to whether Defendants were on notice when they received the initial pleading or the first set of discovery.  Defendants contend that they timely filed their Notice of Removal on March 23, 2022, under § 1446(b)(3) because they did not know until March 16—when Plaintiffs answered their initial discovery requests—that the

4

amount in controversy likely exceeded $75,000. (Docs. # 1 ¶¶ 4,9 and 5 at 1). Indeed, Plaintiffs filed a notice on March 11, 2022, in which they indicated that they had provided their Answers to Defendants discovery requests. (Doc. # 1-3 at 117-18). However, Plaintiffs filed the original Complaint in October of 2021 and the Amended Complaint in November of 2021. (Docs. # 4-1 at 3 and 1-3 at 30). But Defendants filed their Notice of Service in February of 2022 in which they submitted their first set of interrogatories and requests for production to Plaintiffs. (Doc. # 1-3 at 102-103).

While Defendants staunchly argue that they did not know that the amount in controversy was in excess of $75,000 until March of 2022, when they received Plaintiffs' Answers, they interestingly never address *why* it took until February of 2022 to request any discovery or to inquire about the amount in controversy. At best, Defendants waited over sixty days before they served their requests, and at worst, much longer.

Moreover, Plaintiffs repeatedly used clear language in both the Complaint and Amended Complaint that the damages are "in an amount in excess of the jurisdictional limits of [Pike Circuit Court] and the diversity jurisdictional limits of the United States District Court." (Doc. # 1-3 ¶¶ 25, 45, 50, 68, 73, 91, 96, 114). At that point, Defendants should have been on notice that it was at least *possible* that the amount in controversy did in fact exceed "the diversity jurisdictional limits of the United States District Court." (*Id.*). Based on the language used in the Complaint and Amended Complaint, how much more direct could have Plaintiffs been about the amount in controversy? The Court thinks not much more so, especially given that Plaintiffs were limited by Kentucky Rule of Civil Procedure 8.01(2) ("Rule 801(2)"), which prohibits the prayer for damages from reciting any sum except that the damages are in excess of the jurisdictional limits of the court.

5

Put simply, Defendants were certainly on notice that Plaintiffs' damages likely exceeded $75,000.00.

In *Hall v. M&T Trucking Expediting LLC*, No. 3:20-cv-72, 2021 WL 816908 (E.D. Ky. March 3, 2021), the court addressed similar circumstances. A man was killed in a car wreck involving a vehicle owned by a trucking company. *Id.* at *1. The complaint did not set forth a specific monetary demand because of Rule 8.01(2) but alleged six categories of damages. *Id.* Like here, the parties simply disputed whether removal was timely based on the complaint or when damages were clarified through answers to interrogatories. *Id.* at *2. The court held that "[b]ecause Plaintiff's Complaint includes a list of six areas in which she seeks compensation, . . . a logical reading of her Complaint renders it unambiguous that her requested damages were likely to exceed $75,000." *Id.* at *4. Therefore, the initial pleading started the thirty-day clock for timely removal. *Id.*

Defendants rely solely on *Warren* to assert that speculation based upon generic descriptions of unliquidated damages in a complaint is insufficient to meet the preponderance of evidence standard. (Doc. # 5 at 5-6); 2016 WL 1057322, at *2. However, even the *Warren* court acknowledged that the thirty-day period can begin to run prior to responses in discovery. 2016 WL 1057322, at *3. This case is more like *Hall* in that the categories of damages alleged were numerous for not one, but four individuals. (Doc. # 1-3 at 5-30); 2021 WL 816908, at *4. Moreover, the *Hall* court found that the *Warren* opinion was "unpersuasive or factually distinct." *Id.* Likewise, the facts of this case urge this Court to agree that Defendants should have known based on the number of defendants, claims, and categories of damages that the amount in controversy was likely met.

6

Lastly, the purposes behind the timeliness requirement for removal guide the Court to find that removal was untimely here. The time limitation on removal has two purposes. "First it precludes a defendant from adopting a 'wait and see' approach in the state court," by preventing them from taking "a second bite at the jurisdictional apple if a defendant (belatedly) perceives that the case is proceeding other than to his liking." *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994) (internal quotations and citations omitted). Second, "the time limit minimizes the delay and waste of resources involved in starting a case over in federal court after substantial proceedings have taken place in state court." *Id.*

Based on the state court record, over several months, the proceedings have undergone discovery (Doc. # 1-2); a hearing took place regarding injunctive relief (Doc. # 1-3 at 32-33); parties were substituted (*id.* at 100); and an order was entered setting the matter for jury trial, mediation, and various discovery deadlines, (*id.* at 104-105). Accordingly, Defendants had ample time to wait and see, and this Court will not disregard the purposes of the timeliness requirement, especially given that the removal statute "should be strictly construed and all doubts resolved in favor of remand." *Eastman*, 438 F.3d at 550 (internal quotations and citations omitted).

Ultimately, Defendants were on notice from the initial pleadings that the amount in controversy was likely in excess of $75,000—or at least aware of the possibility—for the reasons previously discussed. Instead, Defendants waited months to inquire about the amount in controversy. Under these circumstances, the removal was untimely, and remand is warranted.

## IV. CONCLUSION

Having considered the parties' arguments and the applicable law, Defendants were untimely in removing this action form Pike Circuit Court. Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Remand (Doc. # 4) is **GRANTED** and this matter is remanded to the Pike Circuit Court; and

**IT IS FURTHER ORDERED** that this matter is **STRICKEN** from the Court's active docket.

This 28th day of April, 2022.



Signed By:
*David L. Bunning*
United States District Judge

K:\DATA\ORDERS\PikeCivil\2022\22-19 Order Granting Remand.docx